UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-61939-BLOOM/Valle

CECILLE LAMOUTTE, and all others
similarly situated under 29 U.S.C. § 216(b),

    Plaintiff,

v.

SPIRIT AIRLINES, INC., a Delaware
corporation, LISA LOPEZ, individually,
SRIYAH BISSOON, individually, and
LAURIE VILLA, individually,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's First Amended Complaint, ECF No. [17] (the "Motion"). The Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case and applicable law, and is otherwise fully advised. For the reasons set forth, Defendants' Motion is granted.

### I. BACKGROUND

This case involves an alleged violation of the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). In the First Amended Complaint, Plaintiff Cecille LaMoutte ("Plaintiff") alleges that Defendant Spirit Airlines, Inc. ("Spirit") hired her to perform e-mail marketing analysis. ECF No. [13] ¶ 26. As a part of her job, Plaintiff was required to perform data analysis, provide support and promotional services to maintain Spirit's monthly e-mail calendar, and help troubleshoot e-mail related issues. *Id*. ¶ 27. Plaintiff affirmatively alleges that she was not required to participate in any transportation activities for

Spirit, including loading cargo, nor did she perform any customer service representative duties on airport premises. *Id*. ¶¶ 28-30. Defendants Lisa Lopez ("Lopez") and Sriyah Bissoon ("Bissoon") had the authority to hire, fire, and discipline Spirit employees, and determined, approved, and administered payroll and work schedules for Spirit. *Id.* ¶¶ 4-5. In addition, Plaintiff alleges that Defendant Laurie Villa ("Villa"), as Senior Vice President and Chief Human Resource Officer for Spirit, also had authority to hire, fire, and discipline Spirit employees, and determined, approved, and administered payroll and work schedules for Spirit. *Id*. ¶ 6. As a result, Plaintiff maintains that Defendants Lopez, Bissoon, and Villa were Plaintiff's joint employers along with Spirit. *Id*. ¶¶ 9-12.

Plaintiff further alleges that she worked in excess of forty hours per week, but that Defendants failed to pay her overtime wages. *Id*. ¶ 39. As a result, Plaintiff asserts a claim for unpaid overtime wages (Count 1), and she seeks to represent a group of Spirit employees who were similarly not paid overtime for hours worked in excess of forty. *Id*. ¶¶ 17-18.

## II. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). This tenet, however, does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682).

## III. ANALYSIS

Defendants seek dismissal of the First Amended Complaint, arguing that as an air carrier, Spirit is exempted from the overtime provisions of the FLSA, and Plaintiff fails to sufficiently allege either the basis of a collective action under the FLSA or for liability of the individual Defendants.

Under the FLSA, employers are required to pay their employees overtime rates not less than one and one-half times their regular rate for a workweek longer than forty hours. *See* 29 U.S.C. § 207. However, the FLSA states that the overtime provisions do not extend to "any employee of a carrier by air subject to the provisions of title II of the Railway Labor Act." *Id.*

§ 213(b)(3). Title II of the Railway Labor Act ("RLA") exempts from the FLSA overtime provision any "common carrier by air engaged in interstate or foreign commerce . . . and every pilot or other person who performs any work as an employee or subordinate official of such carrier . . . ." 45 U.S.C. § 181.

In the instant case, Defendants argue that as a common carrier, Spirit cannot be liable for the overtime violations alleged by Plaintiff because Spirit is categorically exempted from the FLSA's overtime provisions under the RLA. Plaintiff contends that even if an employer is subject to the RLA, not all of its employees are necessarily exempted from the FLSA's overtime provisions, relying upon *Moreira v. Am. Airlines, Inc.*, 157 F. Supp. 3d 1208, 1217 (S.D. Fla. 2016). In response, Defendants argue that an employee's specific activities and functions are only relevant when the employer is not itself a carrier by air, relying primarily upon *Valdivieso v. Atlas Air, Inc.*, 305 F.3d 1283 (11th Cir. 2002). *See* ECF No. [28] at 3. Upon review, the Court agrees with Defendants.

In *Moreira*, the Court observed that "the RLA was not intended to apply to all types of work, regardless of the connection to transportation, just because the company conducting the work performed some carrier activities within its company functions." *Moreira*, 157 F. Supp. 3d at 1217. Indeed, "the RLA was intended to apply only to transportation activities and that work which bears more than a tenuous, negligible and remote relationship to the transportation activities of the employer." *Id.* (quoting *Slavens v. Scenic Aviation, Inc.*, No. 99-4197, 2000 WL 985933, at *2 (10th Cir. 2000)) (internal quotations omitted). However, Plaintiff's reliance on *Moreira* is misplaced because, as the *Moreira* court noted, the plaintiff there had no interest in prosecuting his FLSA claim. The court assumed without deciding the propriety of considering the connection of plaintiff's work to transportation, and ultimately undertook to evaluate the

4

airline's argument merely "for the purpose of completeness." *Id.* at 1218.

In *Valdivieso*, the Eleventh Circuit determined that the language of the RLA is unambiguous, and applies to every "other person who performs any work" as an employee of a common carrier by air. 305 F.3d at 1287. Moreover, the Court has previously rejected the interpretation advanced by Plaintiff in this case. *See Lira v. Arrow Air, Inc.*, No. 05-23273-CIV-LENARD/TORRES, 2007 WL 9702003, at *3 (S.D. Fla. Feb. 5, 2007) ("Given that there is no factual dispute as to Defendant's status as a common carrier engaged in interstate commerce, nor is there any factual dispute that Plaintiffs performed their work as employees of Defendant, Defendant is entitled to judgment as a matter of law; Plaintiffs are clearly subject to the RLA and therefore precluded from bringing overtime wage claims against Defendant under the FLSA."). Significantly, Plaintiff here does not dispute Spirit's status as a common carrier, nor does she contend that she was not Spirit's employee. And, in any event, neither *Moreira* nor the out of circuit authorities relied upon by Plaintiff provide a basis for the Court to stray from the Eleventh Circuit's unequivocal determination in *Valdivieso* that the language of the RLA is unambiguous. Therefore, Plaintiff cannot overcome the application of the RLA exemption in this case. Accordingly, the Court need not consider the remaining arguments with respect to sufficiency of the allegations regarding collective action and individual liability.

**IV. CONCLUSION**

For the reasons set forth, the Motion, **ECF No. [17]**, is **GRANTED**, and the First Amended Complaint, **ECF No. [13]**, is **DISMISSED WITH PREJUDICE**. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 26th day of November, 2018.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record